UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re LAURA MARIE SCOTT,

    Debtor/Appellant,

Civil Case No. 19-12397
Honorable Linda V. Parker

Bankruptcy Case No. 16-56880

_____/

**OPINION AND ORDER SUMMARILY DISMISSING APPEAL AND DENYING DEBTOR/APPELLANT'S "EX-PARTE EMERGENCY MOTION TO OBTAIN RELIEF"**

This matter is before the Court as an appeal from the United States Bankruptcy Court for the Eastern District of Michigan. Debtor-Appellant, Laura Marie Scott ("Ms. Scott") appeals the Honorable Mark A. Randon's July 30, 2019 order denying her motion to reopen the bankruptcy proceedings. Ms. Scott has not paid the appeal fee and indicates that she intends to file a separate motion for fee waiver here. On August 30, 2019, Ms. Scott filed an "Ex-Parte Emergency Motion to Obtain Relief." (ECF No. 3.)

The Court first addresses Ms. Scott's request in her pending motion to disqualify the undersigned from this case. The only basis Ms. Scott identifies for disqualification is the undersigned's assignment to her previous bankruptcy appeal, which was dismissed as frivolous. *See In re Scott*, Civil Case No. 18-13096 (E.D. Mich. filed Oct. 3, 2018). This is not a valid reason for disqualification and the Court is not otherwise biased or prejudiced against Ms. Scott. In fact,

disqualification is discouraged where a judge has gained experience and familiarity with a case. *City of Cleveland v. Cleveland Electric Illuminating Co.*, 503 F. Supp. 368, 370 (N.D. Ohio), mandamus denied sub. nom *City of Cleveland v. Krupansky*, 619 F.2d 576 (6th Cir.1980).

This Court dismissed Ms. Scott's prior appeal, finding that it was frivolous. Order, *In re Scott*, Civil Case No. 18-13096 (E.D. Mich. Mar. 6, 2019), ECF No. 10. Ms. Scott thereafter filed a motion to reopen the bankruptcy case, which the bankruptcy court denied on July 30, 2019, because it did not find cause or other basis under the bankruptcy code to reopen. Order, *In re Scott*, Bankr. Case No. 16-56880 (Bankr. E.D. Mich. July 30, 2019), ECF No. 79. The bankruptcy court also denied Ms. Scott's motion to waive the appeal fee, concluding that any appeal would be frivolous. Order, *In re Scott*, Bankr. Case No. 16-56880 (Bankr. E.D. Mich. Aug. 19, 2019), ECF No. 88. Because the bankruptcy court did not certify that Ms. Scott's appeal could be taken in good faith, she is not entitled to proceed in forma pauperis here. *See* 28 U.S.C. § 1915(a)(3). Moreover, it is clear from the bankruptcy court record that there in fact was no merit to Ms. Scott's request to reopen the bankruptcy proceedings. Ms. Scott has not demonstrated cause or other basis to pursue these proceedings further.

In her pending motion, Ms. Scott seeks additional relief including an injunction to block the upcoming sheriff's sale of her home and an "injunction

regarding evidence." She does not demonstrate entitlement to such relief, however. In fact, Ms. Scott acknowledges in her motion that she does not have a lot of information at this point concerning the break-in that is the basis for seeking injunctive relief, which further justifies the Court's finding that she has not demonstrated entitlement to such relief.

For these reasons,

**IT IS ORDERED** that Debtor-Appellant's Ex-Parte Emergency Motion to Obtain Relief (ECF No. 3) is **DENIED**;

**IT IS FURTHER ORDERED** that this appeal is **SUMMARILY DISMISSED WITH PREJUDICE**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: September 16, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 16, 2019, by electronic and/or U.S. First Class mail.

                                        s/ R. Loury
                                        Case Manager